Maude SWAFFORD et al., Appellants,

v.

E. W. MANNING et al., Appellees.

Court of Appeals of Kentucky.

Nov. 16, 1956.

T. T. Burchell, Manchester, for appellant.

Eugene Clark, Manchester, for appellee.

MILLIKEN, Chief Justice.

This action is a proceeding such as is permitted by CR 60.02 to set aside the judgment entered February 4, 1955, in the above-styled case, in so far as the judgment holds Eunice Manning, wife of E. W. Manning, not to be personally liable on a note. The judgment sought to be set aside was affirmed by this court in an opinion reported in 272 S.W.2d 339, which may be referred to for a fuller discussion of the facts. The trial court refused to disturb the judgment, and this appeal has resulted.

The note in question, in the amount of $3,000, was executed to G. G. Swafford by E. W. Manning and his wife, Eunice. The plaintiff-appellant, Maude Swafford (now Smith), filed the original action on the note and this action individually and as executrix of her husband's estate. In the original action no defense was offered by E. W. Manning, but the judgment of the trial court, which was affirmed by this court, sustained the contention of Eunice Manning that she had signed the note as surety for her husband, and under KRS 404.010(2) was liable only to the extent of her interest in certain property which she set aside by mortgage to secure the note. The mortgaged property has been sold and the proceeds applied to the note.

In its former opinion, this court pointed out that it was a question of fact whether the wife, Eunice Manning, signed the note as surety or as principal, and affirmed the judgment of the trial court since it was not clearly erroneous. CR 52.01.

In the present proceeding, Mrs. Swafford attacks that part of the former judgment which holds Eunice Manning signed the note as surety rather than as principal, and seeks to have the judgment corrected, relying chiefly on four grounds: (1) That Mrs. Swafford, the appellant, had high blood pressure and was not mentally alert while testifying at the first trial; (2) that she has discovered new and material evidence; (3) that the appellee, Eunice Manning, repeatedly acknowledged she owed the debt of $3,000; and (4) the appellee, Eunice Manning, signed the note.

In her deposition filed in this proceeding, Mrs. Swafford states that she had suffered a light stroke, was ill with high blood pressure, and therefore her memory was poor at the time of the original trial. She is corroborated in this by statements of two of her children, but no medical testimony was presented. In any event, the testimony in her deposition herein with reference to the circumstances surrounding the execution of the note, even if proved at the original trial, would not have changed the result in the case.

The purported new and material evidence is the testimony of two of plaintiff's children, a daughter and a son, who state they were present in their father's house when the note was executed. The daughter stated she was in another room of the house while "the papers" were being drawn up in the kitchen, and that appellee, Eunice Manning, was in the kitchen. However, the daughter admitted she had no personal knowledge as to whether Mrs. Manning had anything to do with the borrowing of the money, or how it was spent. The son stated he had accompanied his father on several occasions when he tried to collect from the Mannings, and that Mrs. Manning never denied she owed the money. Also, the son was present in the kitchen and saw the note and mortgage executed, but he made no statement which clarified the issue as to whether Mrs. Manning signed as surety or as principal. Moreover, both of these children of Mrs. Swafford lived in Clay County within fifteen miles of the courthouse where the trial was held, so that with due diligence their testimony could have been presented at the first trial. This is not new and material evidence within the contemplation of CR 60.02.

The wife's oral promise to pay this note, assuming she did so promise, would not create any legal obligation on her part to pay it, at least so long as she remains under the disability of marriage. 17 A.L.R. 1342.

There is no controversy in this proceeding about the note being signed by Eunice Manning, since it has been determined that she did sign it as surety. Mrs. Swafford alleges she was taken by surprise at the trial when Mrs. Manning denied personal liability on the note as a principal, but this contention is untenable since the issue was raised by the pleadings as appears in the original record.

The judgment is affirmed.

HOGG, J., not sitting.